UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00778-DJH-CHL

**RUDD EQUIPMENT COMPANY, INC,**                         **Plaintiff,**

**v.**

**VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC,**     **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Before the Court is a "Rule 56(d) Motion to Defer Ruling" (the "Motion") (DN 77) filed by defendant Volvo Construction Equipment North America, LLC ("Defendant"). Plaintiff Rudd Equipment Company, Inc ("Plaintiff") filed a response (DN 83) to which Defendant filed a reply (DN 84). Therefore, the Motion is ripe for review.

For the reasons set forth below, the Motion is **GRANTED**.

### I.     BACKGROUND

This case arises from a series of construction equipment dealer agreements between Plaintiff and Defendant executed and performed over the last several decades. In October 2019, Plaintiff commenced this action against Defendant alleging breach of contract, breach of Defendant's duties of good faith and fair dealing, and violations of the Kentucky Dealer Protection Act. (DN 1 at 15-19.)

On January 9, 2020, the Court held a telephonic status conference with the Parties to discuss whether this matter would be a candidate for early settlement. (DN 32 at 1.) During the call, Plaintiff stated that it would not be prepared to evaluate settlement until it completed at least one round of written discovery. (*Id.*) In turn, Defendant indicated that it would be interested in discussing settlement as soon as Plaintiff was ready to do so. (*Id.*) Consequently, Plaintiff

proposed beginning a phased discovery plan and setting another call with the Court to discuss the possibility of settlement after an initial period of discovery. (*Id.*) The Court then ordered the Parties to meet and confer pursuant to Rule 26(f) and file a proposed litigation plan. (*Id.*) On January 4, 2020, the Parties jointly filed such plan at DN 37, and on February 6, 2020, the Court held a telephonic scheduling conference to formalize the plan. (DN 41.) Based on discussions during that call, the Court concluded that phased discovery proposed by the Parties would contribute to productive settlement discussions in this matter. (*Id.* at 1.)

To best facilitate the Parties' intentions at the time, the plan called for two phases. During Phase One, the Parties would limit their discovery in scope and purpose, and during Phase Two Parties would complete "all remaining discovery allowable under the Federal Rules." (*Id.* at 2-5.) Phase One discovery was limited in purpose "to discovery relevant to the resolution of Plaintiff's pending Motion for Preliminary Injunction (DN 4) and necessary to prepare the Parties to participate in a productive settlement conference . . ." (*Id.* at 2). Phase One was more specifically limited in scope to twelve topics enumerated in the scheduling order with additional limitations on the time to take depositions. (*Id.* at 2-3.) The restrictions imposed during Phase One would be lifted at the conclusion of an early settlement conference on the matter. (*Id.* at 4.)

On April 10, 2021, the Court held a telephonic status conference with the Parties during which the Parties agreed to participate in an early settlement conference in July 2020. (DN 44 at 1.) The Court also made clear that "the purpose of proceeding in phased discovery is to allow the Parties to complete what discovery they need to participate in a productive settlement conference and that they should focus their discovery efforts, including any depositions they schedule, on that purpose." (DN 44.) On July 9, 2020, the Court held a settlement conference with the Parties.

Settlement discussions were conducted in good faith, but the parties were unable to reach an agreement. (DN 61 at 1.)

In an order following the settlement conference, the Court noted that "the undersigned [wa]s in the process of ongoing *ex parte* calls in furtherance of the settlement negotiations." (*Id.* at 1.) The most recent of these calls took place on August 26, 2020. (DN 77-1 at 1.) On September 1, 2020, the Court issued a formal settlement report and order, stating that it "believes that at this time no further settlement negotiations will be fruitful as the parties are at an impasse." (DN 81 at 1.) As a result, the Court "recommend[ed] that this action proceed to phase two of discovery." (*Id.*)

## II.    LEGAL STANDARD UNDER RULE 56(d)

Under Rule 56(a) of the Federal Rules of Civil Procedure, a plaintiff or defendant "may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (Fed. R. Civ. P. 56(a).)

Under Rule 56(d) of the Federal Rules of Civil Procedure ("Rule 56(d)"), the Court may adjourn the motion for summary judgment for further discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." (Fed. R. Civ. P. 56(d)(2).) This authority considers the drastic nature of granting summary judgment by allowing the Court to ensure that it "affords the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995) (citations omitted). Thus, while there is little room to deny summary judgment on a movant's showing that there are no triable issues of fact, Rule

56(d) offers the Court broad discretion to grant additional time before ruling on summary judgment so long as its decision is not "arbitrary, unjustifiable, or clearly unreasonable." (*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014).)

In considering a Rule 56(d) motion, district courts within the Sixth Circuit weigh five factors:

> (1) when the [affiant] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling [on summary judgment]; (3) how long the discovery period had lasted; (4) whether the [affiant] was dilatory in its discovery efforts; and (5) whether the [party moving for summary judgment] was responsive to discovery requests.

*Doe v. City of Memphis*, 928 F.3d 481, 491 (6th Cir. 2019) (quoting *Plott*, 71 F.3d at 1196–97).)

### III.  DISCUSSION

As set forth below, the Court finds that Defendant has met its burden under Rule 56(d) and is entitled to adjournment of Plaintiff's summary judgment motion pending further discovery to fully inform Defendant's opposition.

#### a.  Defendant's Affidavit

As an initial matter, the Motion meets all formal requirements imposed by Rule 56(d). Defendant has set forth in in his affidavit the specific information it needs to discover in order to effectively oppose Plaintiff's motion for summary judgment and requests for relief.  (*See* DN 77 at 3-4.)  The Court does not agree with Plaintiff's assertion that "[Defendant] offers no valid reason to defer consideration" of Plaintiff's motion.  (DN 83 at 4, 6.)  To the contrary, in the Motion Defendant describes the discovery sought and specifically articulates the basis for that discovery. (*See generally* DN 77 at 2-5.)  Specifically, Defendant seeks to discover:

> (a) Rudd's claim that its business is the same as Herc's and that Herc (a national rental company) is Rudd's "competitor" (DN 68,

4

>p. 6); (b) Exhibit 1 [DN 68-1], an unauthenticated 2008 email from Michael D. Rudd to Volvo's Scott Hall which was not previously produced and is, by its own terms, incomplete as tendered; (c) the compensation Rudd has received from Volvo for sales made to Herc in Rudd's territory in dollar amounts equal to, or greater than, Rudd would have earned had it made the sales to Herc directly; (d) any money damages Rudd has suffered as the result of Volvo's alleged breach of contract; (e) the customer relationships Rudd claims have been negatively impacted by Volvo's relationship with Herc (DN 68-9); (f) the conclusory allegation that Volvo's dealings with Herc have "irreparably harmed" Rudd and its goodwill (DN 68, p 18); and (g) how Volvo's limited activities in Rudd's territory as the result of its national relationship with Herc allegedly constitute a breach of Rudd's Dealer Agreements and have allegedly "substantially" changed the competitive circumstances of those agreements (*Id.*).

Accordingly, the Court finds that Defendant has satisfied the formal requirements of Rule 56(d).

### b. Discovery at Issue and the *Plott* Factors

The Court now applies the five *Plott* factors to the discovery Defendant seeks to determine whether Defendant is entitled to Rule 56(d) relief.

#### i. Timeliness and Diligence

The Sixth Circuit has repeatedly affirmed that in weighing the *Plott* factors, the "main inquiry is 'whether the moving party was diligent in pursuing discovery.'" (*Doe v. City of Memphis*, 928 F.3d 481, 491–92 (6th Cir. 2019) (citing *E.M.A. Nationwide, Inc.*, 767 F.3d at 623).) This is evident in the fact that "three of the five *Plott* factors implicate the movant's diligence throughout discovery: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) how long the discovery period has lasted; and (3) whether the party seeking discovery was dilatory in its discovery efforts." (*Lupo v. Willis Law*

*Firm, LLC*, No. 2:20-CV-1073, 2020 WL 6044084, at *4 (S.D. Ohio Oct. 13, 2020) (citation omitted).

### 1. When Volvo Learned of Subject of Discovery

When Defendant learned of the subject of the discovery it seeks is irrelevant given the circumstances of these proceedings. "This factor primarily pertains to situations where there was something that prevented a party from learning about a subject of desired discovery until after some discovery had already been sought." (*Doe*, 928 F.3d at 492–93.) Here, Defendant need not claim that it was previously unaware of the subjects it seeks to discover because its knowledge of the subjects does not bear on why Defendant did not discover them sooner. Indeed, the Parties and the Court agreed that discovery in Phase One would be limited to topics "necessary to prepare the Parties to participate in a productive settlement conference" with the understanding that "all remaining discovery allowable under the Federal Rules" would be permitted in Phase Two. (DN 41 at 2-4.) Because Defendant's course of discovery focused on what was allowed by the scheduling order rather than timely discovery of all subjects within Defendant's knowledge, the Court finds this factor weighing neutrally or in favor of granting the motion.

### 2. Length of Discovery Period

As a starting point, the time for discovery set forth in the scheduling order at DN 41 has not nearly run its course. As Defendant notes in the Motion, the deadline set in DN 41 for parties to complete discovery is January 15, 2021. (*See* DN 77 at 9). It is not unreasonable to conclude that Defendant did not have sufficient time to prepare its defense on the merits of the entire case when Plaintiff filed its motion of summary judgment over five months prior to the close of discovery. (*See Lupo*, WL 6044084, at *5 (finding this factor favored granting a Rule

6

56(d) motion when the defendant "moved for summary judgment roughly five-and-a-half months before the close of discovery.").)

Plaintiff argues that "[g]ranting [the M]otion would require the parties, and possibly the Court, to expend significant additional time, money, and other resources that would not change the outcome of these issues" and urges the Court to consider summary judgment "without permitting [Defendant] to further delay." (DN 83 at 14.) However, the Court does not consider Defendant's need for further discovery at a point in the middle of the discovery period as a delay on Defendant's part. Moreover, the Court notes that Defendant does not seek to continue discovery to the discovery deadline. In the Motion, Defendant requested leave to oppose Plaintiff's summary judgment motion until November 24, 2020, leaving nearly two months before the discovery deadline. (See DN 77, attachment 4.) In light of these facts, the Court respectfully disagrees with Plaintiff's forecast that burdens and prejudice will result from the additional discovery time Defendant seeks. (*See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986) (A well supported motion for summary judgment should be considered, "as long as the [responding party] has had a full opportunity to conduct discovery.") Therefore, this factor weighs in favor of granting the Motion.

### 3. Whether Defendant was Dilatory in Its Discovery Efforts

Before addressing whether Defendant was dilatory in general, the Court must address Plaintiff's claim that the terms of the scheduling order effectively terminated Defendant's right to seek the discovery at issue at this stage in the case. (*See* DN 83 at 5-6, 9-10.) In the Motion, Defendant states that "[Plaintiff] cannot credibly claim that [Defendant] has been dilatory with its discovery given that the discovery was phased pursuant to the Court's order and the parties are only now transitioning to Phase Two discovery." (DN 77 at 9-10.) Plaintiff argues that

7

much of the discovery Defendant now seeks falls under the enumerated subjects of Phase One discovery which was to be issued by February 19, 2020 and is therefore beyond the scope of Phase Two discovery. (DN 83 at 5-6, 9-10.)

Plaintiff misunderstands the terms of the scheduling order. Limiting discovery in purpose and scope during Phase One did not operate to foreclose discovery within the purpose and scope of Phase One during Phase Two discovery. (*See* DN 44 at 1.) To the contrary, the scheduling order states that "Phase Two of discovery shall consist of all remaining discovery allowable by the federal rules." (DN 41 at 4) (emphasis added.) The reason for a limited Phase One was to efficiently facilitate early settlement discussion; nothing in the order closes the door on otherwise appropriate discovery during Phase Two should those discussions fail. Therefore, there is no doubt that Defendant is currently entitled to seek the discovery at issue notwithstanding whether Defendant was also permitted to discover those subjects during Phase One.

Turning to the question of Defendant's diligence, to the extent that the discovery Defendant seeks falls outside the scope of Phase One discovery, the Court agrees with Defendant that "[Plaintiff] cannot credibly claim that [Defendant] has been dilatory with its discovery given that the discovery was phased pursuant to the Court's order and the parties are only now transitioning to Phase Two discovery." (DN 77 at 9-10.)

To the extent that the discovery Defendant seeks falls within discovery permitted during Phase One, the Court addresses Plaintiff's argument that Defendant should have completed that discover during Phase One. The Court directed the Parties to limit Phase One discovery "to allow the Parties to complete discovery they need to participate in a productive settlement conference and that they should focus their discovery efforts, including any depositions they

8

schedule, on that purpose." (DN 44.) The Court notes that Defendants stated during the January 9, 2020 status conference that it was ready to proceed with early settlement discussions; the need for Phase One discovery arose when Plaintiff stated that it would not be prepared to evaluate settlement until it completed at least one round of written discovery. (DN 32 at 1.) Thus, it makes sense that Defendant did not exhaust all discovery available at the time. Indeed, regarding written discovery, Defendant asserts in the Motion that it "did not need documents from [Plaintiff] to be prepared to effectively participate in the settlement conference, it exercised restraint . . ." (DN 84 at 4.)

Moreover, during the course of early settlement discussions following Phase One, the Court counseled Defendant that all remaining discovery available to Defendant in Phase Two should wait until those discussions concluded. (DN 77-1 at 1.) Defendant had no way of knowing that Plaintiff would move for summary judgment before the Court entered the settlement report and order officially marking the end of settlement discussions on September 1, 2020. (See DN 77 at 2-3.) Thus, it was reasonable for Defendant to believe that it would have a later opportunity to pursue the written discovery it now seeks.

Additionally, this addresses Plaintiff's point that "[Defendant] never requested the additional depositions it now claims to need," (DN 83 at 12), because "it is not unusual to await substantial completion of document production prior to conducting depositions." *(Doe v. City of Memphis*, 928 F.3d 481, 493 (6th Cir. 2019).) In sum, the Court finds that Defendant was not dilatory because it "reasonably believed the discovery process would go on several months longer than it did and that they cannot be faulted for being unable to foresee that their chance to [pursue the discovery it seeks] would be cut short" by Plaintiff's motion for summary judgment. (*Id.* at 492.) Therefore, this factor weighs in favor of granting the Motion.

9

> ii. **Relevance of Discovery at Issue Plaintiff's Responsiveness to Discovery Requests**

The Court need only briefly address the remaining factors because "a motion requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." (*Doe*, 928 F.3d at 490.)

First, the Court considers whether the evidence Plaintiff seeks "*might*" influence the Court's perception of a genuine factual dispute. (*Dobbins v. Craycraft*, 423 F. App'x 550, 554 (6th Cir. 2011) (emphasis added) (holding that district court abused its discretion in denying Rule 56(d) relief and granting summary judgment motion).) *See Ashley Furniture Indus. Inc. v. Am. Signature, Inc.*, No. 2:11-cv-00427, 2011 WL 4383594, at *4 (S.D. Ohio Sept. 19, 2011) (party seeking Rule 56(d) relief must show discovery sought "at least ... ha[s] the potential to materially influence the Court's summary judgment determination.").)

The Court cannot state with certainty what evidence will be dispositive during summary judgment. However, the discovery defendant seeks is certainly relevant to Defendant's liability and whether Plaintiff is entitled to injunctive relief. (*See* DN 77 at 3-4 (describing discovery sought); DN 84 at 8-12 (explaining how discovery sought is relevant to Defendant's alleged breach of contract and Plaintiff's claim for injunctive relief).) Given the reasons proffered by Defendant and the relatively low bar to establish relevance, the Court finds that this factor weighs in favor of granting the Motion.

Turning to Plaintiff's responsiveness to discovery requests, the Parties briefs do not directly address the issue. (*See* DN 77 at 10 ("The last factor . . . is not relevant to [the M]otion . . . ") *See also* DN 83.) The Court finds that weighing this factor is not necessary to the Court's analysis because three of the five *Plott* factors already weigh in favor of granting the Motion. (*See Ashley*

10

*Furniture Indus. Inc.*, 2011 WL 4383594 at *5 ("Recognizing the interests of judicial restraint and economy, the Court has purposefully refrained at this time from reaching discovery issues beyond its Rule 56(d) determination."))

### IV.    ORDER

For the foregoing reasons, the Court finds adjournment of Plaintiff's motion for summary judgment at DN 68 pending further discovery is warranted.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion at DN 77 is **GRANTED**. Defendant shall file a response to Plaintiff's motion at DN 68 on or before **January 4, 2021**

Colin H Lindsay, Magistrate Judge
United States District Court

November 4, 2020

cc:   Counsel of record

11