## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO.  3:19-CV-778-DJH-CHL

**RUDD EQUIPMENT COMPANY, INC,**                                                **Plaintiff,**

**v.**

**VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC,**          **Defendant.**

### MEMORANDUM OPINION AND ORDER

Before the Court is a motion for leave to file certain materials under seal (the "Motion")

filed by defendant Volvo Construction Equipment North America, LLC ("Defendant") at DN 62.

Plaintiff Rudd Construction Equipment, Inc. ("Plaintiff") does not oppose the Motion.[1]  Therefore,

the Motion is ripe for review.

## I.      BACKGROUND

This case arises from a series of construction equipment dealer agreements between

Plaintiff and Defendant executed and performed over the last several decades.  In October 2019,

Plaintiff commenced this action against Defendant alleging breach of contract, breach of

Defendant's duties of good faith and fair dealing, and violations of the Kentucky Dealer

Protection Act.  (DN 1 at 15-19.)

Pursuant to a "Mutual Confidentiality Agreement" between the Parties, Plaintiff's

counsel notified Defendant's counsel of its intent to file four documents subject to that

agreement as exhibits to a then-forthcoming motion.  (DN 62 at 1.)  The terms of the

confidentiality agreement required Defendant to file a motion to seal the documents before

Plaintiff filed its motion.  (*Id.* at 2.)  On August 3, 2020, Volvo filed the Motion, requesting the

---

[1] Although Plaintiff informed the Court of its intent to file a response to the Motion (DN 73 at 2), it never filed such response. The time for Plaintiff to respond to the Motion has since expired.  (*See* LR 7.1(c).)

Court to seal each of the four documents.  (DN 62.)   Defendant filed the documents under seal at DN 63 through DN 66.  On August 5, 2020, Plaintiff filed a motion for summary judgment and permanent injunction, in which it referenced the four documents at issue in the Motion.  (DN 68.)   Plaintiff also separately filed the documents at issue under seal at DN 69 through DN 72. In its motion for summary judgment, Plaintiff notified the Court that it filed those documents under a provisional seal in light of Defendant's Motion to seal the same documents filed at DN 63 through DN 66.  (DN 68, p. 2, fn. 2.)  On August 6, the Clerk of Court requested that Plaintiff file its own motion to seal with respect to DN 69 through DN 72.  (DN 73 at 2.)  In response, Plaintiff filed a separate motion, requesting that the Court maintain the documents at DN 69 through DN 72 under seal pending the Court's ruling on Defendant's Motion.  (*Id.*)  Thus, while this memorandum only addresses Defendant's Motion to seal the documents filed at DN 63 through DN 66, the Court's order will also apply to the same documents filed separately by Plaintiff at DN 69 through DN 72.

## II.    LEGAL STANDARD

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public.  (*See, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-79 (6th Cir. 1983).)  The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "only the most compelling reasons can justify non-disclosure of judicial records."  (*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).) To meet this burden, the party seeking a seal must show: (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored.  (*Id.*; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*,

834 F.3d 589, 593-94 (6th Cir. 2016).)  The Sixth Circuit has held that "[t]he proponent of

sealing therefore must 'analyze in detail, document by document, the propriety of secrecy,

providing reasons and legal citations.'"  (*Shane*, 825 F.3d at 305-06 (quoting *Baxter Int'l., Inc. v.

Abbott Labs*., 297 F.3d 544, 548 (7th Cir. 2002)).)  Further, in ruling on a motion to seal, the

Court is required to make "specific findings and legal conclusions 'which justify nondisclosure

to the public.'"  (*Rudd*, 834 F.3d at 594 (quoting *Brown & Williamson*, 710 F.2d at 1176).)

## III.    DISCUSSION

In the Motion, Defendant seeks leave to seal four documents: (1) Rental Sharing

Agreement between Defendant and Herc Rentals, Inc. ("Herc"); (2) September 9, 2016 Email from

Defendant's Vice President of Sales; (3) May 30, 2017 Email from Defendant's Director of

National Rental Accounts ; and (4) July 12, 2016 Email from Defendant's Vice President of Sales.

(DN 64 at 1.)  The Court will address the merits of Defendant's request with respect to each

document.

### a.   Rental Sharing Agreement ("DN 66")

DN 66 is a contract between Defendant and Herc outlining an agreement whereby

Defendant agreed to provide equipment to Herc and Herc agreed to share with Defendant a

portion of revenue generated from renting the equipment.  Although Plaintiff agreed to redact

pricing information for different units of equipment in its filing, Defendant seeks leave to seal

the entire document.  (DN 62 at 1, 4-5.)  In support of its request, Defendant asserts that public

disclosure would harm its competitive standing and undermine its interest in future dealings with

Herc.  (*Id.* at 4.)  Defendant also raises Herc's privacy interests and potential harm to its

competitive standing as an "innocent third party."  (*Id.*)

The Court now addresses the weight of the interests asserted and whether they measure up against the public's right of access. As a starting point, Defendant has a tough row to hoe, as DN 66 falls outside the few recognized categories of information that are "typically enough to overcome the presumption of access." (*Shane*, 825 F.3d at 308 (referring to "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)") (citation and quotations omitted).)

That said, this Court has previously recognized a legitimate privacy interest in "sources of business information that might harm a litigant's competitive standing." (*Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *5 (W.D. Ky. June 26, 2018) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).) Additionally, the "'privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" (*Shane*, 825 F.3d at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).)

Although it seeks to seal the entire document, Defendant's Motion is most concerned with the contract term, renewal provisions, and the revenue split. (DN 62 at 4.) Defendant argues that this information could inform a competitor "exactly when and how to approach Herc about entering into the same sort of agreement with Herc, and how to undercut [Defendant] in this segment of the market." (*Id.*) Defendant also argues that public disclosure disadvantages Herc by "reveal[ing] the terms upon which Herc might be willing to agree to do business with a competitor of [D]efendant." (*Id.*) The Court finds that public disclosure of information in DN 66 could disadvantage Defendant's competitive standing, and thus, Defendant has established a privacy interest. (*See Marathon Petroleum*, 2018 WL 3130945, at *6 (recognizing that

4

Defendant "could suffer a serious injury if its contracts were revealed to the public").)  To the extent that disclosure of the same information would also prejudice Herc's privacy interests, the justification for maintaining secrecy is stronger.  (*See Shane*, 825 F.3d at 308.)

The weight of the interests Defendant asserts is offset to a degree by the public interest in access.  At minimum, "[t]he public has a strong interest in obtaining the information contained in the court record." *Shane*, 825 F.3d at 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).)  Defendant's Motion does not provide any reason why that interest should carry less weight with respect to DN 66 except to say that it "is a private contract between [Defendant] and Herc, a non-party to this litigation."  (DN 62 at 4.)  Herc's interests have already been considered, *supra*, and notwithstanding the fact that DN 66 is an agreement between private entities, the public interest in access was triggered "when the parties place material in the court record."  (*Id.* at 305.)

The only case Defendant cites to in support of its argument to seal DN 66 offers a clear indication that the public interest in access to DN 66 is especially strong.  (*See Marathon Petroleum*, 2018 WL 3130945, at *6 (public interest in documents filed in support of a motion to dismiss for lack of personal jurisdiction was diminished, "unlike documents that would be offered as evidence on the merits of the case, where the public would have a substantial interest in knowing what evidence exists (or does not exist) that would show that [the defendant] engaged in anticompetitive conduct").) Unlike the documents in *Marathon Petroleum*, DN 66 is offered in support of a motion for summary judgment, which will result in a ruling on the merits as a matter of law.  Thus, "the public [has] a substantial interest in knowing what evidence exists" to substantiate the alleged breaches of Defendant's contractual and statutory duties.  (*Id.*) (*See Shane*, 825 F.3d at 305 ("[t]he public has an interest in ascertaining what evidence and

records the District Court and this Court have relied upon in reaching our decisions.") (citation omitted).)

What's more, DN 66 goes to the heart of Plaintiff's cause of action. Plaintiff alleges that the rental agreement between Defendant and Herc in it of itself constitutes a breach of the dealer agreements between Plaintiff and Defendant.  (DN 68 at 11-12.)  Thus, an essential element of Plaintiff's claim will turn on an interpretation of the dealer agreements and of the language of DN 66.  In such a case, where the evidence to be sealed constitutes "conduct giving rise to the case . . . secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption."  (*Shane*, 825 F.3d at 305 (citation omitted).)  In sum, the presumption favoring public access is not reduced on the facts before us.

With the balance of interests tilting in favor of public access, the Court turns to whether Defendant's request is narrowly tailored.  Although Defendant assures the Court that its request is "laser focused" (DN 62 at 2), Defendant does not make clear "why the seal itself is no broader than necessary."  (*Shane*, 825 F.3d at 306.)  The provisions of DN 66 that Defendant fully discusses in the Motion amount to a fraction of the six-page document, including in large part standard form, boilerplate language.  In requesting leave to seal the entire document, Defendant makes no attempt to articulate why, for example, disclosure of the choice-of-law provision on the fourth page would be as detrimental to Defendant or Herc as would disclosure of the revenue split schedule.  Still, the Court finds that the balance of interests justifies limiting disclosure of some information in DN 66, with a focus on protecting Herc's interests. The Court finds that the following redactions will be sufficient to protect the privacy interests at stake:

- DN 66 at 1, the remainder of the line following the words "Contract Term";

- DN 66 at 2, first and second full paragraphs marked at "B." and "C."; and

- DN 66 at 6; all values on the schedule in the first, second, and third columns from
  the right (first row column labels to remain unredacted).

The Court narrowly tailored these redactions to protect the interests properly asserted in
the Motion.  The burden lies with Defendant to justify any concealment of court records.
(*Shane*, 825 F.3d at 305.)  A party cannot expect to reap the benefits of an overbroad request by
placing the onus on the Court to determine on a "line-by-line basis—that specific information in
the court record meets the demanding requirements for a seal." (*Id.* at 308.)  Therefore, the
Court will grant only in part Defendant's request as to DN 66.

### b.  Sept 9, 2016 Email ("DN 65") and May 30, 2017 Email ("DN 64")

The Court addresses the requests to seal DN 65 and DN 64 together because Defendant
asserts that the two documents "contain much of the same information" and that for the purpose
of Defendant's Motion to seal, "the same arguments apply." (DN 62 at 8.)  DN 65 is an email
from Defendant's Vice President of Sales to four other employees which includes an attached
PowerPoint presentation titled "HERC GPE Business Proposal."  The presentation summarizes
the proposed business relationship between Defendant and Herc and assesses the benefits and
risks of entering into this relationship. (DN 65 at 2-9.)  DN 64 is an email chain among several
of Defendant's employees discussing developments in the proposed business relationship with
Herc and deliberating specific terms of the plan. (DN 64 at 1-3.)  The email chain also includes
an attached four-page document, a formal request for approval to move forward with
Defendant's venture with Herc. (DN 64 at 4-7.)

In the Motion, Defendant points to several specific pieces of sensitive business
information contained in DN 65 and DN 64 that it argues could be used by competitors to
unfairly compete with Defendant. (DN 62 at 5-8.)  Based on the its review of these documents,

the Court agrees that they contain substantial information that, "if made available for its competitors to view, would put [Defendant] at a disadvantage in the marketplace." (*Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017).)  Therefore, Defendant's interest in maintaining privacy weighs heavily in favor of sealing the documents.

In contrast, the interest in public disclosure is relatively low. Unlike the rental share agreement at DN 66, DN 64 and DN 65 are not offered as primary evidence of an essential element of Plaintiff's claims.  DN 64 contains four pages of information of which Plaintiff relies on the following in its summary judgment motion: (1) Defendant's description of its venture with Herc as "a new business concept with Herc" and a "partnership"; and (2) Defendant's statement that "[a] success with Herc could generate interest in additional business from other National Rental Accounts." (DN 68 at 6-7, 10.)  DN 65 is a nine-page document cited by Plaintiff for a single word, Defendant's description of its relationship with Herc as a "cooperation." (DN 68 at 8.)  The Court finds that the public interest in accessing the source of these statements is minimal when compared to the potential harm to Defendant in public disclosure of sensitive information filling most of the pages in DN 65 and DN 64.

Turning to whether Defendant's requests as to DN 65 and DN 64 are narrowly tailored, the Court finds that sealing the documents in their entirety "is no broader than necessary." (*Shane*, 825 F.3d at 306.)  The Court's review of the documents reveals highly sensitive information not relevant to Plaintiff's claims on nearly every page of these documents.  There is no reason to parse through the documents on a line-by-line basis to remove all information meeting the requirements of a seal when the result will be two documents so redacted that they

reveal no more to the public than if they were sealed in their entirety.  Therefore, the Court will grant Defendant's requests as to DN 65 and DN 64.

### c.   July 12, 2016 Email ("DN 63")

Defendant has not made a sufficient showing to overcome the presumption of public access with regard to DN 63. This should be no surprise to Defendant. Indeed, Defendant admits from the outset that DN 63 "does not include the same sort of extensive financial information or contractual terms as the first three documents referenced above."  (DN 62 at 8.)  Defendant failed to include a single legal citation in its two-paragraph pitch establishing a judicially recognized compelling interest in sealing DN 63. (*See Id.* at 8-9.)  Instead, it claims that the document deserves secrecy because it "give[s] fairly specific insights into its market capacity and reach that are not otherwise publicly available, are competitively sensitive, and are not relevant to this lawsuit." (*Id.*)  These rationales amount to no more than "platitudes" that are plainly inadequate to justify sealing in the Sixth Circuit.  (*Shane*, 825 F.3d at 307 (6th Cir. 2016) (refusing to seal documents on the basis of vague assertions that they contained "competitively-sensitive financial and negotiating information").)  Therefore, the Court will deny Defendant's request as to DN 63.

### IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

(1) Defendants Motion to maintain the seal on DN 66 is **GRANTED in part** and **DENIED in part**. DN 66 and the same document filed by Plaintiff at DN 69 shall be permanently sealed. Defendant shall file an unsealed supplemental redacted version of DN 66 pursuant to the Court's orders above on or before **December 11, 2020**.

(2) Defendant's Motion to seal DN 64 and DN 65 is **GRANTED**. DN 64 and 65 and the same documents filed by Plaintiff at DN 70 and DN 72 shall remain permanently under seal.

(3) Defendant's Motion to seal DN 63 is **DENIED.** The Court directs the Clerk of Court to unseal DN 63 and to unseal the same document filed by Plaintiff at DN 71.

Colin H Lindsay, Magistrate Judge
United States District Court

November 25, 2020
cc:  Counsel of record