## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:19-CV-00778-DJH-CHL

**RUDD EQUIPMENT COMPANY, INC.,**                                       **Plaintiff,**

**v.**

**VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC,**       **Defendant.**

### MEMORANDUM OPINION AND ORDER

Before the Court is a motion to compel (DN 92) filed by Defendant Volvo Construction Equipment North America, LLC ("Volvo") to which Plaintiff Rudd Equipment Company, Inc. ("Plaintiff") filed a response (DN 98). The motion is fully briefed and thus, is ripe for review.

**I.     BACKGROUND**

On November 6, 2020, the Court conducted a telephonic status conference at the Parties' request to discuss ongoing discovery disputes. (DN 89.) After hearing description of the issues and counsel's previous efforts to resolve their dispute, the Court granted leave for the parties to proceed to motion practice. (*Id.*) On November 25, 2020, Volvo filed its motion to compel. (DN 92.) On December 9, 2020, Rudd filed its response. (DN 98.)

On September 1, 2020, Volvo served Rudd with its first set of discovery requests. (DN 92-1, at PageID # 2077.) On September 30, 2020, Rudd served its responses to the requests for admission, and on October 21, 2020, Rudd served its responses to the interrogatories and requests for production. (DN 92, at PageID # 2034.) On October 5, 2020, Volvo served Rudd with its second set of discovery requests. (*Id.*, at PageID # 2035.) On November 13, 2020, Rudd served Volvo with its responses to the second set of discovery requests. (*Id.*) Volvo's motion details communications and meet and confers with Rudd regarding perceived deficiencies in Rudd's

responses to both sets of discovery. (*Id.*) Although discussions to resolve the various disputes were still ongoing, Volvo says that the Parties were unable to reach a resolution regarding the information subject to Volvo's motion to compel at the time of filing. (*Id.*, at PageID # 2030.)

Volvo's motion seeks information that it places into eight general categories: (1) "Information and Documents Relating to the Value of Rudd's Business Which it Claims has been Irreparably Harmed"; (2) "Information and Documents Relating to Rudd's Financials for Transactions Involving Volvo GPE and/or Compact Equipment, Parts and Warranty"; (3) "Information and Documents Relating to Rudd's Business Practices"; (4) "Documents Relating to Herc"; (5) "Information and Documents Relating to Alleged Lost Customers"; (6) "Information and Documents Relating to Volvo's Counterclaim"; (7) "Information and Documents Relating to Rudd's Damage Claims"; and (8) "Information and Documents Relating to Rudd's Allegations within its Amended Complaint and Other Pleadings." (*Id.*, at PageID # 2039-53.) Volvo purports that this information is responsive to Interrogatories 2, 7-8, 18, 20-21, and 23-24 and Request for Production 2-14, 16-17, 19-34, and 37 from Volvo's first set of discovery requests and Requests for Production 1-2, 7-8, 15-16, 25-27, 29, and 31-32 from Volvo's second set of discovery requests. (*Id.*)

In both Volvo's motion and Rudd's response, the Parties state that at the time of filing, the Parties were continuing to confer regarding disclosure of some of the documents at issue. (DN 92, at PageID # 2029-2030; DN 98, at PageID # 2433.) Volvo further stated that "[t]o the extent that the parties are able to either resolve or otherwise narrow matters after [the] filing, [Defendant] is committed to provide the Court with a status update in writing so that the Court is ultimately only being asked to rule on matters that are still in dispute." (DN 92, at PageID # 2030 n. 1.) The Court therefore ordered the Parties to jointly file a report informing the Court as to the status of discovery

at issue in Volvo's motion, including what disputes remain that require a ruling by the Court. (DN 134.) On May 6, 2021, the Parties filed a joint report informing the Court that several of the disputes have been resolved, including the entirety of categories two, five, and seven. (DN 141.) Below, the Court addresses the remaining requests in dispute.

## II.    LEGAL STANDARD

Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). This language is broadly construed by the federal courts to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). However, either on motion or on its own, the Court must limit discovery that is unreasonably cumulative or duplicative; that can be obtained from another "more convenient, less burdensome, or less expensive" source; that the seeking party has had ample opportunity to obtain; or that is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

## III.    DISCUSSION

Below, the Court addresses each of the categories of information that remain at issue.

### a.  Information Concerning the Value of Rudd's Business

Within this category, Volvo seeks further responses to Interrogatories 23-24 and Request for Production 37 from Volvo's first set of discovery requests as well as Requests for Production 27 and 32 from Volvo's second set of discovery requests. (DN 141, at PageID # 2937-39.) Volvo argues that the information is relevant to Rudd's claims that its dealings with Herc have damaged the value of Rudd's business. (DN 92, at PageID # 2040.) Volvo believes that responsive

3

information could include representations to third parties about the value of its business, statements by Rudd characterizing the impact of Herc's dealings on Rudd's business, and financial documents reflecting diminution (or lack thereof) of Rudd's business. (*Id.*, at PageID # 2041.) Volvo argues that this information is necessary to determine "objective measurements of financial performance, as well as any representations Rudd made to or for a different audience than this litigation." (*Id.*) Volvo further argues that it cannot adequately prepare to depose Rudd's expert witnesses or its own expert witnesses as to Rudd's potential damages. (*Id.*)

In response, Rudd argues that Volvo overstates the relevance of information showing Rudd's past harm given that Rudd's filings argue that it faces *impending* irreparable harm if Volvo's challenged conduct is not enjoined. (DN 98, at PageID # 2442.) Rudd further argues that it has already produced documents "sufficient to allow Volvo to evaluate how Rudd's performance has varied before and after Volvo began the challenged practices here." (*Id.*) Rudd believes that requests for any additional financial documents are disproportionate to the needs of the case. (*Id.*) Rudd says that "given how broadly Volvo has framed its Motion, it is impossible to identify every way in which Volvo's requests are disproportionate," but Volvo specifically details how it believes requests for communications regarding shareholders' potential sales of shares are disproportionate. (*Id.*, at PageID # 2042-43.) Rudd says that: (1) in light of its other financial disclosures, "any such communications about shareholders' potential sales would be cumulative as to Rudd's financial condition"; (2) that responsive information "will encompass personal information about the individuals' personal plans"; and (3) that such disclosures are unduly burdensome because "even a rumor of a potential sale can dramatically harm a business's standing in the eyes of its employees, customers, and business partners." (*Id.*, at PageID # 2043-44.)

The Court finds that the requested information concerning the value of Rudd's business is relevant for discovery purposes. In addition to seeking injunctive relief, Rudd's amended complaint also requests and award for past damages. (DN 10, at PageID # 333.) The requested information can shed light on to the nature and extent of Rudd's alleged damages and is therefore material to a claim at issue. Rudd's general assertion that the requests are disproportionate to the needs of the case does not preclude disclosure. Rudd states that the requests at issue could cover "tens or hundreds of thousands of documents." (DN 98, at PageID # 2442.) Just because a document request is potentially voluminous, that does not necessarily mean that the request is disproportionate, especially in a case such as this that has required extensive discovery. Rather than providing a reason why the voluminous requests at issue are unreasonable, Rudd simply assert that "it is impossible for Rudd to identify every way in which Volvo's requests are disproportionate." Because Volvo established that the information it seeks is relevant, Rudd bears the burden of showing that the information is not discoverable. Rudd's general proportionality objection fails to meet that burden.

The Court now turns to Rudd's specific objection to Volvo's request for documents relating to shareholder's communications about potential sales of their shares. First, the Court disagrees with Rudd's claim that these communications are duplicative of its previously disclosed financial statements. The financial statements do not reflect Rudd's impression of its financial condition at any specific time, which is what Volvo hopes to discover through its requests. Second, to the extent that disclosures would contain sensitive personal information about the shareholders, that information is covered by the Parties' Mutual Confidentiality Agreement. Similarly, information revealing shareholder interest in selling their shares is covered by the protective order. (*See id.*) Rudd provides no reason why the agreed protective order is insufficient to protect its and its

5

shareholders' privacy interests. Instead, Rudd merely offers the conclusory assertion that disclosure of the information "can dramatically harm" its business. (DN 98, at PageID # 2444.) This vague concern is not sufficient to preclude the discovery of otherwise relevant information. In sum, because Volvo has established that the information at issue is relevant and Rudd has failed to establish grounds for nondisclosure, the Court will require Rudd to produce further responses to the requests at issue.

### b. Information Concerning Rudd's Business Practices

Within this category, Volvo seeks further responses to Requests for Production 35-36 from its first set of discovery requests and Requests for Production 1, 15-16, 26, and 29 from its second set of discovery requests. (DN 141, at PageID # 2940-43.) These requests cover (1) documents concerning and communications with Equipmentville, a national rental account ("NRA") that competes with Rudd with whom Rudd did business; (2) documents concerning a potential customer with whom Rudd declined to do business; (3) Rudd's rental rates and policies; (4) sales if any non-Volvo general purpose production equipment ("GPE") and Compact Equipment; and (5) documents listing Rudd's customers and their yearly sales volume since 2015. (*Id.*)

As an initial matter, Rudd has not raised any valid objection to Request for Production 36 from Volvo's first set of discovery requests and Request for Production 1 and 29 from Volvo's second set of discovery requests. In fact, in its response, Volvo explicitly states that these requests are not at issue. (DN 98, at PageID # 2445.) The Parties' joint status report regarding discovery sought by Volvo's motion to compel is silent as to why Rudd has not provided a complete response to Request for Production 36 from Volvo's first set of discovery requests. (*See* DN 141, at PageID # 2941.) Regarding Request for Production 1 and 29 from Volvo's second set of discovery requests, Rudd states in both its response and in the joint status report

6

that it has disclosed responsive information, but does not articulate why it has not provided a complete response nor why it should not be required to do so. (DN 98, at PageID # 2430-31; DN 141, at PageID # 2941, 2943.) Therefore, the Court will order Rudd to produce complete responses to these discovery requests.

Remaining at issue are Request for Production 35 from Volvo's first set of discovery requests and Requests 15-16, and 26 from Volvo's second set of discovery requests. Request for Production 35 from Volvo's first set of discovery requests and Request for Production 26 from Volvo's second set of discovery requests both seek all documents relating to or exchanged with Equipmentville. (DN 92-1, at PageID # 2076, 2095.) Requests for Production 15 and 16 from Volvo's second set of discovery seek all documents concerning the sale of any non-Volvo GPE and Compact Equipment dating back to January 1, 2015. (*Id.*, at PageID # 2094.)

Volvo argues that the information is relevant to Rudd's claim that Volvo's dealings with Herc have changed the competitive circumstances withing Rudd's territory. (DN 98, at PageID # 2044.) Volvo believes that the requested information will show whether Rudd has actually lost customers or whether the customers Rudd alleges to have lost are simply purchasing non-Volvo units from Rudd, whether Rudd's own marketing strategies could be responsible to any decline in its sales of Volvo GPE and Compact Equipment, whether Rudd has done anything to mitigate its alleged damages, and whether any decrease in Rudd's business is attributable to a cause other than Volvo's dealings with Herc. (*Id.*, at PageID # 2045-46.)

In response, Rudd states that it has already disclosed "dates in which Rudd provided each piece of GPE and Compact Equipment to Equipmentville, the specific types and numbers of GPE and Compact Equipment Rudd provided to Equipmentville, and the terms and conditions upon which Rudd was providing the equipment." (DN 98, at PageID # 2447.) Rudd argues that

7

any additional information is irrelevant because "Rudd's decision to do business with Equipmentville does not in any way show that Volvo's inapposite transactions with Herc should not have harmed Rudd." (*Id.*)  Rudd therefore argues that Volvo's request to compel production of further information regarding Equipmentville should be denied on grounds that it is disproportionate, cumulative, and unduly burdensome.  (*Id.*)

The Court finds that Volvo's requests are overbroad because Volvo has not made a showing that every interaction with or mention of Equipmentville by Rudd is relevant to this case. The relevance of any Rudd's dealings with Equipmentville is minimal at best.  Volvo does not allege that Rudd's dealings with Equipmentville violate the Dealer Agreements, that the dealings impacted Volvo's obligations under the Dealer Agreements, or that they impacted the potential amount of Rudd's damages.  The only connection Volvo draws between its request and this case is that Equipmentville is Rudd's competitor and Rudd sold GPE and Compact Equipment to Equipmentville in Rudd's territory.  (DN 92, at PageID # 2045.)  Rudd has already identified Equipmentville as a competitor and provided documents detailing its sales of GPE and Compact Equipment.  Volvo has failed to establish that any further information concerning Equipmentville is relevant to this case.  Therefore, the Court will not order Rudd to produce further responses concerning Equipmentville.

Finally, the Court finds that information concerning the sale of non-Volvo GPE and Compact Equipment is relevant for discovery purposes because it sheds light on the nature and extent of Volvo's damages.  In its response, Rudd argues that the request is overbroad because it requires Rudd to produce "every document that Rudd ever created regarding any sale of GPE or Compact Equipment." (DN 98, at PageID # 2446.)  In the joint status report, Rudd reported that it "continues to object to producing the remaining requested documents on the basis of relevance

. . . and lack of proportionality, given the large volume of additional information and the fact that Volvo already possesses information sufficient to show Rudd's levels of business outside Volvo-branded products." (DN 141, at PageID # 2942.) The Court finds that the information Volvo seeks is not duplicative, because Volvo's prior disclosures merely "identify Rudd's financial performance and levels of revenue beyond Volvo-branded units." (*Id.*) Volvo is looking for details beyond financial figures; Volvo hopes to uncover Rudd's marketing strategies and actual experiences of Rudd customers. (DN 92, at PageID # 2045.) The Court further finds that Rudd has not made a showing that the request is disproportionate. First, Rudd overstates the breadth of the request in saying that it requires it to produce every document it ever created for every sale, as the request is limited to sales after January 1, 2015. More importantly, Rudd does not provide any reason why a potentially voluminous disclosure is not justified. Because Volvo has established that the information at issue is relevant and Rudd has failed to establish grounds for nondisclosure, the Court will require Rudd to produce further responses to the requests at issue.

   **c. Information Concerning Herc**

  Within this category, Volvo seeks further responses to Requests for Production 5 and 6 from Volvo's second set of discovery requests. (DN 141, at PageID # 2943-44.) These requests seek all documents relating to Herc in Rudd's possession or exchanged with third parties since January 1, 2015. (DN 92-1, at PageID # 2093.) The Parties appear to agree that these requests are so broad as to cover non-discoverable information. (*See* DN 92, at PageID # 2047; DN 98, at PageID # 2447.) How much the request should be narrowed is where they disagree. Rudd argues that "it is reasonable to receive all internal Rudd documents which reference Herc's activities within Rudd's territory, Rudd communications with any customers about Herc and anything else referencing Herc which relates to the allegations within Rudd's pleadings." (DN 92, at PageID #

9

2047.) Rudd states that it has produced all communications with Herc since January 1, 2017 and all non-privileged communications since January 1, 2017 that discussed Herc as a competitor to Rudd or Herc's effect on Rudd's business strategies relating to GPE or Compact Equipment. (DN 141, at PageID # 2943-44.) Volvo states that disclosures should date back to 2015 as requested rather than 2017, and that the scope of Rudd's disclosures should be widened to the degree proposed in Volvo's motion to compel. (*Id.*, at PageID # 2944.)

Rudd does not dispute the relevance of the information sought by Volvo's motion, nor does it raise any other valid objection. Rudd's response merely states why the initial requests are overbroad, without addressing the ways in which Volvo has narrowed its initial request. (DN 98, at PageID # 2447.) Further, Rudd does not explain how the documents it did disclose comprise all discoverable information falling within the initial discovery requests. The Court finds that the information sought in Volvo's motion is relevant and that Rudd has failed to establish any grounds for withholding such information. Therefore, the Court will order Rudd to produce the information requested in Volvo's motion.

### d. Information Concerning Volvo's Counterclaim

Within this category, Volvo seeks further responses to Request for Production 13 from Volvo's second set of discovery requests. (DN 141, at PageID # 2945-46.) This request seeks "all documents exchanged with Danny Clark, Inc. since January 1, 2015." (DN 92-1, at PageID # 2094.) Rudd's counterclaim for Rudd's alleged breach of contract arises from Rudd's sale of a single of a single Volvo machine to a third party in December 2018. (DN 29, at 20.) Rudd had purchased the machine in May 2018 from Volvo subject to the restriction that the machine would only be used or sold for parts. (*Id.*) Volvo alleges that Rudd sold the machine via auction to Danny Clark, Inc. without disclosing the Parts-only restriction. (*Id.*) Rudd has already disclosed

certain responsive documents, including communications with Danny Clark, Inc. concerning the machine at issue in the counterclaim and the sale documents showing the terms and conditions of the sale. (DN 141, at PageID # 2945.) Volvo is still seeking all information responsive to Request for Production 13. (*Id.*, at PageID # 2946.)

Volvo argues that the additional information is relevant to ascertain the nature of Rudd's relationship with Danny Clark, Inc., including whether: (1) "this was the first parts-only machine that Rudd had sold to Danny Clark"; (2) "Rudd ha[d] a history of enforcing restrictions on the sale of machines to Danny Clark"; (3) "there was any sort of kick-back provided by Danny Clark to Rudd relative to Danny Clark's subsequent sale of the machine or any other machines sold to it by Rudd." (DN 92, at PageID # 2050-51.) In response, Rudd argues that the additional documents Volvo seeks "have no relevance whatsoever to the case because, by their very nature, they do not relate to the Counterclaim Unit (which is the sole reason Volvo is requesting communications with Danny Clark)." (DN 98, at PageID # 2449-50.)

The Court finds that Volvo has failed to establish that the information it seeks is relevant to its counterclaim. Rudd states that it has already disclosed all documents concerning the machine subject to Volvo's counterclaim. (DN 98, at PageID # 2438.) Volvo justifies its broad request for all communications with Danny Clark, Inc. dating back nearly four years prior to the sale of the machine by claiming to need to understand the relationship between Danny Clark, Inc. and Rudd, but Volvo fails to state how that relationship, outside of the sale at issue, is relevant to its counterclaim. The contract at issue in Volvo's counterclaim is an isolated sales contract for a single unit, and the basis for its claim of breach is Rudd's isolated sale of the unit to Danny Clark. (DN 29, at 19-22.) The only substantive relief Volvo seeks is monetary damages incurred as a result of Rudd's alleged breach. (*Id.*, at 22.) Thus, any unrelated transactions or other business dealings

11

between Rudd and Danny Clark, Inc. are wholly irrelevant. Therefore, the Court will not order Rudd to produce the additional documents Volvo seeks.

### e. Information Concerning Rudd's Allegations Within Its Amended Complaint and Other Pleadings

Within this category, Volvo seeks further responses to Requests for Production 2-11 from Volvo's first set of discovery requests and Request for Production 14 from Volvo's second set of discovery requests.[1] Requests 2-11 see "each and every document that supports" nine specific claims made in Rudd's amended complaint. (DN 92-1, at PageID # 2072-74.) Volvo argues that "it is entitled to the documents which support the referenced allegations within Rudd's Second Amended Complaint." (DN 92, at PageID # 2052.) Request 14 from seeks all documents not yet produced supporting Rudd's amended complaint or any other pleading Rudd filed in this case. (DN 92-1, at PageID # 2219.) Volvo says that it drafted its requests broadly in order "to avoid having to waste time in depositions trying to ascertain the source of information and support for various of the allegations within Rudd's verified Amended Complaint." (*Id.*, at PageID # 2052-53.) Volvo says that it is willing to narrow its requests, but "it does not know what Rudd was relying upon in the first instance when making the allegations—that information is exclusively in the hands of Rudd." (*Id.*, at PageID # 2053.)

In response, Rudd states that it has already disclosed numerous responsive documents and that Volvo has not identified any specific information it seeks under these requests that Rudd

---

[1] While both Volvo's motions and the Parties' joint status report state that Volvo seeks further responses to Request for Production 14 from Volvo's *first* set of discovery requests, (DN 92, at PageID # 2052; DN 141, at PageID # 2947), Volvo's characterization of the discovery request mirrors Request for Production 14 from Volvo's *second* set of discovery requests. (*See* DN 92-1, at PageID # 2219) ("Produce any and all documents not produced in response to another request made herein that You claim support the facts alleged or claims made by You in the Amended Complaint and/or any other pleading filed by You in this lawsuit.") The Court will address the substance of Volvo's brief rather than its labels and construe Volvo's motion as requesting further responses to Request for Production 14 from its second set of discovery requests.

12

has not disclosed. (DN 98, at PageID # 2451-52.) Rudd argues that due to the breadth of the ten discovery requests at issue, categorically ordering it to produce complete responses "would be requiring Rudd to produce at least tens of thousands of documents that bear minimal relevance to the claims and defenses at issue." (*Id.*, at PageID # 2450.)

In their joint status report, the Parties recognize that Rudd has produced documents responsive to the requests at issue. (DN 141, at PageID # 2947.) Volvo fails to identify how these disclosures are deficient. Given how broadly these catchall discovery requests were drafted, it is clear that they cover discoverable information, but it is equally clear that they cover duplicative and disproportionate information. Volvo has given the Court no basis to differentiate the two. Absent a more specific request, the Court will not require Rudd to produce additional documents.

## IV.    ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. DN 92 is **GRANTED in part and DENIED in part**.
2. On or before **June 16, 2021**, Rudd shall tender supplementary responses consistent with this order to Interrogatories 23-24 and Requests for Production 37 from Volvo's first set of discovery requests and Requests for Production 1, 5, 6, 15, 16, 27, 29, and 32 from Volvo's second set of discovery requests.

Colin H Lindsay, Magistrate Judge
United States District Court

May 18, 2021

cc: Counsel of record