**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:19-CV-778-DJH-CHL**

**RUDD EQUIPMENT COMPANY, INC.,**                                                      **Plaintiff,**

**v.**

**VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC,**          **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion to extend the discovery deadline filed by Defendant Volvo Construction Equipment North America, LLC ("Defendant").  (DN 120.)  Plaintiff Rudd Equipment Company, Inc. ("Plaintiff") has filed a response in opposition (DN 123) to which Defendant filed a reply (DN 128).  Therefore, the motion is ripe for review.

**I.      BACKGROUND**

On February 12, 2020, the Court entered its scheduling order in this case which set a deadline for the Parties to complete discovery on or before January 15, 2021.  (DN 41.)  On August 5, 2020, Plaintiff filed a motion for summary judgment and permanent injunction.  (DN 68.)  Defendant then moved to defer a ruling on Plaintiff's motion for summary judgment to allow Defendant to take additional discovery.  (DN 77.)  The Court granted Defendant's motion and extended the deadline for Defendant to respond to Plaintiff's motion for summary judgment to January 4, 2021.  (DN 87.)

On November 6, 2020, the Court conducted a telephonic status conference at the Parties' request to discuss ongoing discovery disputes.  (DN 89.)  After hearing a description of the issues and counsel's previous efforts to resolve their dispute, the Court granted leave for the parties to proceed to motions practice.  (*Id.*)  On November 25, 2020, the Parties' each filed a motion to

compel further discovery responses. (DN 92, 93.) On December 9, 2020, the Parties filed responses to the respective motions to compel. (DN 97, 98.) On April 26, 2021, the Court issued its ruling on Plaintiff's motion to compel. (DN 133.) The Court deferred ruling on Defendant's motion to compel and ordered the Parties to jointly file a report informing the Court as to the discovery at issue in the motion by April 21, 2021. (DN 134.) The Parties requested and were granted two extensions of time to file the report because the Parties were continuing to work with one another to resolve some of the discovery disputes at issue in Defendant's motion. (DN 135, 138, 139, 140.) On May 6, 2021, the Parties filed a joint report informing the Court that several of the disputes have been resolved. (DN 141.)

On February 8, 2021, Defendant filed a cross motion for summary judgment. (DN 112.) In light of the ongoing discovery disputes, on March 9, 2021, the Court denied the Parties' dispositive motions without prejudice and granted leave for the Parties to file updated motions upon the completion of discovery. (DN 121.)

**II.    DISCUSSION**

In the motion, Defendant requests that the deadline for the Parties to complete discovery be extended until forty-five days after the Court's ruling on the Parties' discovery motions. (DN 120, at PageID # 2787.) In support of its request, Defendant notes that extensive discovery remains at issue. (*Id.*) Defendant states that the discovery at issue is necessary to "ascertaining whether third-party subpoenas or other discovery are appropriate." (*Id.*, at PageID # 2789.) Offering a specific example, Defendant states that it intends to depose Plaintiff's CEO, Michael Rudd, but wants "an opportunity to review any documents [Plaintiff] is compelled to produce and explore the content of those documents with Mr. Rudd." (*Id.*)

In response, Plaintiff notes that discovery in this case commenced over a year ago, that the discovery deadline has already been extended, and that Volvo has already deposed two of Plaintiff's corporate officers. (DN 123, at 2.) Plaintiff argues that "[i]t is simply not credible for Volvo to claim it requires additional documents in order to take further depositions or serve subpoenas, given that Volvo already deposed two Rudd officers, and then moved for summary judgment and filed an expert witness report, without ever asserting in those filings that it needed additional information from Rudd." (*Id.*)

In reply, Defendant disputes Plaintiff's suggestion that Defendant ought to have completed discovery sooner. (DN 128, at PageID # 2851-53.) Defendant argues that it would have been impracticable to attempt to take certain depositions and third-party discovery without the benefit of the discovery sought by its motion to compel. (*Id.*, at PageID # 2853-54.) Finally, Defendant argues that it requests a relatively short extension, which will allow it to review what it expects to be extensive disclosures following the Court's ruling on its motion to compel and to promptly take any follow up discovery it deems necessary. (*Id.*, at PageID # 2854.)

A forty-five-day extension of the discovery deadline will not significantly impact the course of litigation in this case. A trial date has not been set in this matter and there are no pending dispositive motions. Additionally, although limited discovery in this case commenced in February 2020, the Parties were only permitted to take the full range of permissible discovery beginning September 1, 2020. (*See* DN 81.) Between that time and the current March 5, 2021 discovery deadline, the Parties' discovery efforts were hindered by continuous disputes concerning large swaths of information. Plaintiff's motion to compel sought five separate categories of information, and Defendant's motion to compel sought eight categories of information spanning sixty different discovery requests. (DN 92, 93.) The Court did not issue rulings on either motion to compel

before the current discovery deadline. Based on these facts, the Court finds good cause under Rule 16(4)(b) of the Federal Rules of Civil Procedure to grant the requested extension.

### III.   ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that DN 120 is **GRANTED**. All discovery shall be completed **July 31, 2021**.

Colin H Lindsay, Magistrate Judge<br>
United States District Court

May 18, 2021
cc:  Counsel of record

4