UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00778-DJH-CHL

**RUDD EQUIPMENT COMPANY, INC.,**                      **Plaintiff,**

**v.**

**VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC,**     **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion for leave to file portions of the expert witness report by Lisa C. Snow filed by Plaintiff Rudd Equipment Company, Inc. ("Rudd"). (DN 116.) Defendant Volvo Construction Equipment North America, LLC ("Volvo") filed a response in opposition (DN 122) to which Defendant filed a reply (DN 127). Therefore, the motion is ripe for review.

**I.     BACKGROUND**

Rudd's motion concerns a document relied upon in Volvo's combined response to Rudd's motion for summary judgment and brief in support of its motion for summary judgment. (DN 116, at PageID # 2659.) Specifically, Rudd seeks to redact from the record portions of the declaration and rebuttal report of Volvo's expert witness, Lisa C. Snow. (*Id.*) The rebuttal report contains information from Rudd's 2014-2019 financial statements, which Rudd disclosed to Volvo with a "Highly Confidential" designation. (*Id.*, at PageID # 2661.) Pursuant to the Parties' mutual confidentiality agreement governing their use of documents obtained in this action, Volvo filed the rebuttal report with a request that it be kept provisionally under seal pending a motion by Rudd to permanently seal. (DN 109; DN 110.)

Rudd highly values the confidentiality of the information contained in its financial statements, as evidenced in its motion. (DN 116, at PageID # 2660-61.) Rudd says that it does

not publicly disclose its financial information and "exercises major efforts to maintain confidentiality . . . ." (*Id.*, at PageID # 2660.) This includes limiting access to a handful of its upper-level employees, its lawyers, accountants, and auditors, and select business partners. (*Id.*) It is Rudd's belief that "no third party has ever reviewed the Financial Statements (or the confidential information they contain) except where that third party accepted an agreement with Rudd that required them to treat such as confidential (or privileged)." (*Id.*, at PageID # 2661.) Rudd proposes a set of redactions to the rebuttal report that would conceal information derived from the financial statements. (*See* DN 116-2.)

## II. LEGAL STANDARD

Although the Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records, there are certain interests that overcome this "strong presumption." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179. The party seeking to seal the records bears a "heavy" burden; simply showing that public disclosure of the information would, for instance, harm a company's reputation is insufficient. *Id.*; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Instead, the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane Grp. Inc.*, 825 F.3d at 307. Examples of injuries sufficient to justify a sealing of judicial records include those that could be used as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). In rendering a decision, the Court must articulate why the interests supporting nondisclosure are

2

compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Shane Grp. Inc.*, 825 F.3d at 306.

### III.  DISCUSSION

Rudd's proposed redactions would cover a chart showing its net sales from 2014-2019, numerical figures representing Rudd's operating income from 2017-2019, a chart showing Rudd's operating income from 2014-2019, a numerical figure representing Rudd's operating margin from 2014-2017, and the numerical figures on a table detailing Rudd's financial statements from 2014-2019.  (DN 116-2, at PageID # 2680-81, 2688, 2704.)  In arguing that it has a protected privacy interest in this information, Rudd cites to prior cases in this Court recognizing a privacy interest in "sources of business information that might harm a litigant's competitive standing." (DN 116, at PageID # 2663.) (quoting *Marathon Petroleum*, No. 3:15-CV-354-DJH, 2018 U.S. Dist. LEXIS 106176, at *5).  Rudd notes that this privacy interest has justified sealing businesses's historical and current financial information.  (*Id.*)  Rudd say that if the similar information he seeks to redact is made public, competitors could share the information with its customers to damage its relationships and use the information to undercut Rudd in the market, and Rudd's business partners could use the information to disadvantage Rudd in negotiations.  (*Id.*, at PageID # 2662.)  Rudd further argues that the public has a relatively low interest in accessing businesses's sensitive financial data, and that the limited redactions "would not in any way impede the public from viewing and understanding the claims, defenses, or factual issues at issue in this case." (*Id.*, at PageID #  2664-65.)  Finally, Rudd asserts that the proposed redactions are narrowly tailored because they only cover "a small number of specific, discrete financial figures (including profit margin numbers) that are set forth on just four pages of one case filing." (*Id.*)

In response, Volvo argues that Rudd overstates its privacy interest in the information it seeks to redact because the information is far narrower than the underlying financial statements that Rudd works to keep confidential. (DN 122, at PageID # 2797.) Additionally, Volvo argues that the potential harm that Rudd claims cannot support Rudd's privacy interest because it is "hypothetical" and would never materialize because the information at issue "is so bare bones . . . ." (*Id.*, at PageID # 2799.) Volvo also argues that Rudd's past efforts to keep int financial information confidential do not establish a privacy interest because Rudd chose to file suit and put his finances at issue. (*Id.*, at PageID # 2798.)

In the alternative, Volvo argues that even if Rudd could establish a privacy interest in the information at issue, it would be outweighed by the public interest in access. (*Id.*, at PageID # 2799-2801.) Rudd notes that the public interest in accessing information relied upon in dispositive motions is heightened and that here it relies on the rebuttal report "to oppose Rudd's motion for summary judgment seeking the extraordinary relief of permanent injunction and in support of Volvo's cross-motion for summary judgment." (*Id.*) Additionally, Volvo says that the rebuttal report is highly relevant to the underlying issues in the motions. (*Id.*, at PageID # 2800.)

In reply, Rudd says that Volvo overstates the burden required to establish a privacy interest in sensitive business information, arguing that it need only show that public disclosure has the potential to cause it competitive harm. (DN 127, at PageID # 2846.) Rudd recognizes that the potential harms it illustrated are hypothetical examples, but that "it is simply illogical for Volvo to claim that a business would not face a serious threat to its competitive standing if all of its competitors could suddenly view previously unavailable information about the business's overarching performance and profitability." (*Id.*, at PageID # 2848.)

Rudd also disputes that its proposed redactions substantially interfere with the public right of access to information relied upon for conclusions of law, noting that it does not seek to conceal any arguments, opinions, or reasons—just specific numerical figures. (DN 127, at PageID # 2845.) Rudd further notes that its proposed redactions do not cover Ms. Snow's descriptions of how its finances have changed over time, which allows the public to vet Volvo's general assertions about Rudd's damages. (*Id.*)

There is a legitimate privacy interest in "sources of business information that might harm a litigant's competitive standing." *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *5 (W.D. Ky. June 26, 2018) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). It is hard to challenge Rudd's sincerity in its belief that harm will result if information from its financial statements became public; Rudd has spent substantial time, effort, and money over the years to establish its prices, profit margin, and sales, and that this confidential financial information is unknown to its competitors. (*See* DN 116-1.) While at this time, Rudd can only speculate as to what would happen if the information fell into a competitor's lap, the hypothetical guesses it lists in its motion aren't unreasonable. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225–26 (Fed. Cir. 2013) ("We conclude that Apple and Samsung have such an interest because they could suffer competitive harm if this information is made public, and the district court erred by concluding otherwise. In particular, it seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components. This would put Apple and Samsung at a competitive disadvantage compared to their current position . . . . Thus, we conclude that Apple and Samsung have a significant interest in preventing the release of their detailed financial information.")

(citations omitted). Therefore, the Court finds that Rudd has established a legitimate privacy interest in the information it seeks to redact.

The next question is how Rudd's interest measures up against the public interest in access. The Sixth Circuit has said that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305. "The inverse is true, too. The lesser the public interest in the litigation's subject matter, the lesser the showing necessary to overcome the presumption of access." *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017) Here, "the public's interest in this litigation is less than it would be in a case involving constitutional rights, among other things." (*Id.*) Additionally, Rudd does not request any redactions to Volvo's underlying motion. On the other hand, transparency is most important at this stage of litigation, when the merits of the case are being decided. *Marathon Petroleum Co. LP*, at *6. A review of Volvo's combined response to Rudd's motion for summary judgment and motion for summary judgment reveals that Volvo relies heavily on the rebuttal report to establish that Rudd's performance improved after 2017. However, none of the references to the rebuttal report quote or state the specific numerical figures Rudd seeks to redact. Additionally, the figures themselves are not at issue because "Rudd is not disputing the accuracy of Volvo's assertions about **how** the finances have changed." (DN 127, at PageID # 2845.) Finally, redacting the information at this stage would not preclude public access if it is introduced at trial.

With the foregoing in mind, the Court finds that the balance of interests tilts marginally in favor of redacting the information, of course, subject to the requirement that the redactions are narrowly tailored. In the thirty-three-page report, Rudd seeks only to redact portions of four pages. All the proposed redactions are discreet numerical figures in which it has established a legitimate

privacy interest, except in two cases. Rudd's proposed redactions cover the entire chart showing its net sales from 2014-2019 on page 7 and the entire chart showing Rudd's operating income from 2014-2019 on page 8. (DN 116-2, at PageID # 2681-82.) The changes in these data points over time are central to the underlying combined motion, but much harder to substantiate when the individual numerical figures are redacted. Narrowly tailored redactions of there charts would redact the numerical values on the vertical axes but leave unredacted the linear representations of the changes over time. Accordingly, the Court will require to file a version of the rebuttal report that does so.

## IV.     ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. DN 116 is **GRANTED** in part and DENIED in part.

2. DN 109 is **GRANTED**. DN 110 shall remain provisionally under seal pending the filing of a redacted version.

3. On or before **June 11, 2021**, Rudd shall file a redacted version of DN 110 consistent with this order.

Colin H Lindsay, Magistrate Judge
United States District Court

June 3, 2021

cc:  Counsel of record