**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:19-CV-00778-DJH-CHL**

**RUDD EQUIPMENT COMPANY, INC.,**                                          **Plaintiff,**

**v.**

**VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC,**        **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion for a protective order and motion to stay filed by Plaintiff Rudd Equipment Company, Inc. ("Rudd"). (DN 149.) Defendant Volvo Construction Equipment North America, LLC ("Volvo") has filed a combined response in opposition and motion to compel. (DN 152.) Rudd then filed a combined reply to its motion for a protective order and stay and response to Volvo's motion to compel (DN 156), and Volvo then filed a reply in support of its motion to compel (DN 157). These motions are now ripe for review.

**I.      BACKGROUND**

On November 25, 2020, Volvo filed a motion to compel further discovery responsive to its first and second set of discovery requests. (DN 92.) Among other things, the motion sought information concerning the value of Rudd's business that is relevant to Rudd's claim that Volvo's conduct has damaged the value of Rudd's business. (*Id.*, at PageID # 2040.) Volvo argued that this information is necessary to determine "objective measurements of financial performance, as well as any representations Rudd made to or for a different audience than this litigation." (*Id.*, at PageID # 2041.) In response, Rudd generally objected to further discovery on this topic, arguing that: (1) past harm to its business has limited relevance given that it seeks injunctive relief to prevent future harm that by nature is impossible to quantify; (2) Rudd had already disclosed

sufficient documents for Volvo to ascertain Rudd's past business losses; and (3) disclosing any additional information about its finances would be disproportionate to the needs of the case. (DN 98, at PageID # 2043–44.) Rudd acknowledged that its objection was broad and asserted that "given how broadly Volvo has framed its Motion, it is impossible to identify every way in which Volvo's requests are disproportionate." (*Id.*, at PageID # 2442.)

In an order issued by the undersigned Magistrate Judge on May 19, 2021, the Court found:

> [T]he requested information concerning the value of Rudd's business is relevant for discovery purposes. In addition to seeking injunctive relief, Rudd's amended complaint also requests and award for past damages. (DN 10, at PageID # 333.) The requested information can shed light on to the nature and extent of Rudd's alleged damages and is therefore material to a claim at issue. Rudd's general assertion that the requests are disproportionate to the needs of the case does not preclude disclosure. Rudd states that the requests at issue could cover "tens or hundreds of thousands of documents." (DN 98, at PageID # 2442.) Just because a document request is potentially voluminous, that does not necessarily mean that the request is disproportionate, especially in a case such as this that has required extensive discovery. Rather than providing a reason why the voluminous requests at issue are unreasonable, Rudd simply assert that "it is impossible for Rudd to identify every way in which Volvo's requests are disproportionate." Because Volvo established that the information it seeks is relevant, Rudd bears the burden of showing that the information is not discoverable. Rudd's general proportionality objection fails to meet that burden.

(DN 143, at PageID # 2958.)

Rudd also objected to producing a specific subset of documents within the category, namely, requests for communications regarding shareholders' potential sales of shares. (DN 98, at PageID # 2042–43.) Rudd argued that these communications were duplicative of prior disclosures concerning its financial condition and that the request was unduly burdensome because responsive communications "encompass personal information about the individuals' personal plans" and because "even a rumor of a potential sale can dramatically harm a business's standing

in the eyes of its employees, customers, and business partners." (*Id.*, at PageID # 2043–44.)

Addressing this objection the Court stated:

> First, the Court disagrees with Rudd's claim that these communications are duplicative of its previously disclosed financial statements. The financial statements do not reflect Rudd's impression of its financial condition at any specific time, which is what Volvo hopes to discover through its requests. Second, to the extent that disclosures would contain sensitive personal information about the shareholders, that information is covered by the Parties' Mutual Confidentiality Agreement. Similarly, information revealing shareholder interest in selling their shares is covered by the protective order. (*See id.*) Rudd provides no reason why the agreed protective order is insufficient to protect its and its shareholders' privacy interests. Instead, Rudd merely offers the conclusory assertion that disclosure of the information "can dramatically harm" its business. (DN 98, at PageID # 2444.) This vague concern is not sufficient to preclude the discovery of otherwise relevant information.

(DN 143, at PageID # 2958–59.)

The Court ordered Rudd to produce any withheld documents on or before June 16, 2021. (*Id.*, at PageID # 2966.) On June 2, 2021, Rudd filed a timely objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure to the portion of the Court's May 19, 2021 order discussed above. (DN 146.) In the objection, Rudd seeks to "clarify or modify the Order . . . to provide that Rudd either need not disclose the certain information regarding potential sales of equity by Rudd shareholders . . . or, alternatively, to provide that Rudd need not disclose Sale-Related Information that is subject to confidentiality agreements with third parties." (*Id.*, at PageID # 2981.) On June 18, 2021, Volvo contacted Rudd regarding Rudd's compliance with the Court's May 19, 2021 order, noting that Rudd's disclosures did not include any documents concerning the sale of the business that are the subject of Rudd's pending objection. (DN 149-3, at PageID # 3050.) Volvo asserted that, notwithstanding the pending objection, Rudd "did not seek <u>and</u> obtain a stay, those

3

documents and any others that were the subject of the May 19, 2021 Order should have been produced on June 16." (*Id.*) (emphasis in original).

In response, Rudd proposed that it disclose a representative sample of the withheld documents with proposed redactions to information that it hopes to remain confidential, including the names of third parties and "information that is specific solely to other brands of equipment rather than Volvo (but not generally applicable information)." (DN 149-1, at PageID # 3044–45.) If Volvo agreed to permit similar redactions to all withheld documents and to refrain from questioning deponents about the redacted information, Rudd would agree to produce the withheld documents other than those that were created after the Court's May 19, 2021 order. (*Id.*, at PageID # 3045.) On June 28, 2021, Volvo responded stating that it would not agree to Rudd's proposal and would file a motion to enforce the Court's May 19, 2021 order. (*Id.*, at PageID # 3044.) Based on that communication, Rudd filed a motion for a protective order precluding questions concerning the disputed information during the deposition of Rudd's chairman and to stay enforcement of the Court's May 19, 2021 order pending a ruling on its objection. (DN 149.)

On July 20, 2021, the undersigned conducted a telephonic status conference to discuss the ongoing disputes. (DN 151.) Based on the discussion during the conference, the Parties were ordered to continue working toward a compromise, including disclosure of a sample of redacted documents as Rudd previously proposed to Volvo and the undersigned's chambers. (*Id.*, at PageID # 3062.) On August 3, 2021, the Parties filed a report on the status of their compromise discussions. (DN 153.) The Parties reported that Volvo had reviewed Rudd's sample documents with proposed redactions and "does not wish to receive redacted information." (*Id.*, at PageID # 3083–84.) The same day, Volvo filed its motion to compel enforcement of the Court's May 19, 2021 order and response opposing Rudd's motion for a protective order and stay. (DN 152.)

4

## II. LEGAL STANDARD

It is well established that the trial court has broad discretion to manage the scope and conduct of this discovery. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) (citing *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976)); *see also Falzone v. Licastro*, No. 1:10-CV-2918, 2011 WL 13242876, at *1 (N.D. Ohio Aug. 2, 2011) (citing *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996)). This includes whether discovery should be stayed pending the resolution of a dispositive motion. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008) (citing *Chrysler Corp.*, 643 F.2d at 1229). In assessing whether to stay discovery, courts must consider "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Baker v. Swift Pork Co.*, No. 3:15-CV-663-JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015) (citations omitted).

## III. DISCUSSION

### a. Motion for Protective Order and to Stay (DN 149)

Rudd seeks to stay the portion of the Court's May 19, 2021 order covered by its June 2, 2021 objection to the order. (DN 149, at PageID # 3028.) Rudd also seeks a protective order precluding "questions about the potential sale of Rudd at any upcoming deposition of Rudd's Chairman Mike Rudd." (*Id.*) In support of its requests, Rudd states that is information at issue is narrow, concerning only "certain information about the potential sales of equity by Rudd shareholders and sale-related information that is subject to confidentiality agreements with third parties." (*Id.*, at PageID # 3029.) Rudd asserts that Volvo failed to timely disclose a broader range of documents in compliance with the Court's April 26, 2021 order without objecting to the order

5

or obtaining a stay of its deadline, and Rudd has accommodated this noncompliance through meet and confers. (*Id.*) Rudd believes Volvo is holding Rudd to a higher standard by insisting on timely compliance with the May 19, 2021 order and rejecting Rudd's compromise proposal despite the fact that Rudd's objection is pending. (*Id.*, at PageID # 3030.) Rudd proffers that the requested stay and protective order are appropriate here because "compliance with the order would render its objection moot – and prevent the objection from receiving the consideration that Rule 72(a) requires – by requiring Rudd to produce to Volvo the very documents that Rudd believes should be protected from discovery." (*Id.*)

In response, Volvo notes that its objection to the May 19, 2021 order did not automatically stay the order nor otherwise relieve Rudd of its obligation to comply and cites to prior decisions by this Court so finding. (DN 152, at PageID # 3066–67; DN 157, at PageID # 3108.) Volvo further notes that Rudd did not move to stay enforcement of the May 19, 2021 order until after the deadline to comply. (*Id.*, at PageID # 3069; DN 157, at PageID # 3108.) Volvo notes that the dispute has already necessitated extending the discovery deadline and argues that Rudd should fully comply with the May 19, 2021 order "so that further disruption to the discovery process is minimized." (*Id.*, at PageID # 3067.) Volvo asserts that in requesting a stay and protective order, Rudd is seeking to relitigate issues already decided in the Court's May 19, 2021 order without explaining why existing safeguards like the Parties' confidentiality agreement would not protect Rudd's privacy interests during the pendency of its objection. (*Id.*, at PageID # 3068 n.2.; DN 157, at PageID # 3108.) Volvo further argues that Rudd has not made a showing of good cause for its requested protective order because it has not indicated "why eliciting answers on [the disputed] topics in a deposition would somehow harass or otherwise impose an undue burden on Mr. Rudd or Rudd." (*Id.*, at PageID # 3068.) Volvo suggests that "[p]resumably, Rudd seeks a

6

protective order based on the same grounds as Rudd's objection to the May 19th order, but, as previously stated, this Court has not stayed its earlier order." (*Id.*) (footnote omitted).

The Court finds that requiring Rudd to comply with the May 19, 2021 order will impose a cognizable burden on Rudd. The Court's May 19, 2021 order found that Rudd had not established disclosure of sales related information concerning third parties imposed an undue burden because Rudd had not explained why the Parties' confidentiality agreement was "insufficient to protect its and its shareholders' privacy interests." (DN 143, at PageID # 2958–59.) Rudd's objection provides the Court with a detailed discussion of "important limits" in the terms of the confidentiality agreement, including allowing Volvo to share Rudd's confidential documents with Volvo executives, Rudd employees, and other third parties that Volvo deposes or calls as witnesses. (DN 146, at PageID # 2984.) Rudd also notes that the confidentiality agreement "does not supersede applicable law regarding the sealing of documents" that are filed in the record and that subsequent to briefing on Volvo's motion to compel, Volvo opposed Rudd's motion to seal certain financial information covered by the confidentiality agreement. (*Id.*) (citing DN 116 and DN 122). In its June 4, 2021 order granting in part Rudd's motion to seal, the Court recognized that "Rudd has spent substantial time, effort, and money over the years to establish its prices, profit margin, and sales, and that this confidential financial information is unknown to its competitors." (DN 147, at PageID # 3000.) The Court further found that Rudd's assertions about the prejudice that would result if the information became known to a competitor "aren't unreasonable." (*Id.*) Rudd's objection also provides additional information about confidentiality agreements with third parties covering some of the withheld documents. (DN 146, at PageID # 2985.) While the undersigned takes no position on whether the foregoing justifies sustaining Rudd's objection under Rule 72(a) and nothing in this order should be so construed, denying the stay would require Rudd

7

to disclose confidential information to Volvo, its competitor, which is exactly what Rudd's objection seeks to prevent. Such would not only deprive Rudd of its right to relief under Rule 72, but also deny the Court the opportunity to consider the arguments raised in its objection.

In contrast, any hardship to Volvo in staying enforcement of the order pending Rudd's objection is minimal. First, Volvo will not be denied discovery of all sales related information. Rudd has agreed to produce the withheld documents with redactions to the information covered by its objection. (DN 156, at PageID # 3092.) The undersigned has reviewed a representative sample of the withheld documents with Rudd's proposed redactions and agrees with Rudd that the redactions are quite limited and reveal the substance of Rudd's representations about the value of its business. Second, the stay is limited to the period during which the Court will review the undersigned's determination that the redacted information is discoverable. If Rudd's objection is overruled, Volvo will discover all the information sought by its motion to compel, and if the objection is sustained, Volvo will not be deprived of any information that it was entitled to discover. The only other hardship Volvo cites is the delay in resolving this case. (DN 152, at PageID # 3067, 3069; DN 157, at PageID # 3109–10.) The Court notes that ordinary litigation delays do not constitute hardship, and while this case has been prolonged by more extensive discovery disputes, this is not unexpected given the nature of Rudd's claims and the amount in controversy. In fact, it was Volvo that sought further discovery following Rudd's motion for summary judgment nearly a year after the case was filed. (*See* DN 77.) With respect to the particular stay sought here, Volvo has not shown "that documents are not being preserved[,] . . . the discovery sought cannot be expeditiously provided if the Court denies the [objection,] . . . [or] that a brief stay of discovery will prevent [it] from later obtaining the documents [it] seeks if the

[objection] is ultimately [overruled]." *Osborn v. Griffin*, No. CV 11-89-WOB-CJS, 2011 WL 13156649, at *2 (E.D. Ky. Dec. 9, 2011).

Based on the forgoing, the Court finds that the balance of interests tilt in favor of granting the stay. The Court further finds that the same reasons justify a protective order under Rule 26(b)(2)(B), but only precluding questions about any information that Rudd has redacted from the withheld documents. Therefore, the Court will grant in part and deny in part Rudd's motion to stay and for a protective order.

### b. Motion to Compel (DN 152)

Volvo seeks an order enforcing its May 19, 2021 order and requiring Rudd to produce all withheld documents in compliance with that order. (DN 152, at PageID # 3066.) In support of its request, Volvo states that the May 19, 2021 order "specifically describe[ed] what Rudd was required to produce by June 16, 2021," Rudd has admitted that it has withheld documents covered by that order, and that no separate order excused Rudd's noncompliance. (*Id.*, at PageID # 3066–67, 69.)

In response, Rudd requests that the Court consider production of withheld documents with its proposed redactions as fully compliant with the May 19, 2021 order. (DN 156, at PageID # 3093–95.) Rudd states that "the redactions are limited, concern issues that bear no relevance to the claims and defenses in this case concerning Herc Rentals, and the nature of all the redacted information is explained in the document production itself." (*Id.*, at PageID # 3093–94.) Rudd notes that the May 19, 2021 order relied in part on Volvo's argument that communications concerning the potential sale of the business bears on Rudd's financial performance and Rudd's statements about its financial performance outside the litigation context. (*Id.*, at PageID # 3094) (citing DN 143, at PageID # 2957–59). Rudd suggests that Volvo's motion to compel did not

9

cover the redacted information because "Volvo did not argue, nor could it, that the *identity of any prospective purchaser* could be pertinent to this inquiry." (*Id.*) (emphasis in original). Rudd asserts that instead, "[t]he basis for Volvo's motion to compel sale-related information was an argument that *Rudd's representations* to third parties about its financial condition could be relevant to the question of whether Rudd is likely to experience irreparable harm." (*Id.*) (emphasis in original). Thus, Rudd argues that disclosing the withheld documents with its proposed redactions "satasf[ies] its obligations under the May 19 order." (*Id.*)

In reply, Volvo opposes the claim "that as long as Volvo gets the documents with Rudd's arbitrary redaction, it will have complied in all respects with the May 19 Order." (DN 157, at PageID # 3107.) Volvo identifies several specific discovery requests that were covered by its motion to compel and the Court's May 19, 2021 order.[1] (*Id.*) Given the scope of its requests and the Court's order, Volvo argues that "Rudd's production of documents which names (and other responsive information) have been redacted does not comply with the May 19 order." (*Id.*)

The undersigned agrees that the May 19, 2021 order did not contemplate the limitations Rudd proposes. In fact, the order explicitly rejected Rudd's argument that disclosure was disproportionate to the needs of the case because they "encompass personal information about the individuals' personal plans." (DN 143, at PageID # 2957–59) (quoting DN 98, at PageID # 2043.)

---

[1] *E.g.,*:

Interrogatory 23: "Identify any individual or entity with whom you have communicated regarding the value of Rudd's business since January 1, 2015."

Interrogatory 24: "Identify any individual or entity with whom you have communicated regarding a potential sale of some or all of Rudd's business since January 1, 2015."

Request for Production 32: "Produce documents sufficient to ascertain the identity of any marketing or business consultants and/or advisors that you have worked or consulted with since January 1, 2015."

(DN 92-1, at PageID # 2111, 2227.)

10

In doing so, the Court noted that the information is protected by the Parties' confidentiality agreement and that Rudd had not indicated why the confidentiality agreement was not sufficient to protect the relevant privacy interests. (*Id.*, at PageID # 2958–59.) The terms of the order are clear, and the undersigned declines to modify them when the objection containing essentially the same request is pending before District Judge Hale. (*See* DN 146.)

In light of the stay discussed above, the Court will not order full compliance with the May 19, 2021 order at this time. However, Rudd has agreed to produce responsive documents with limited redactions. (DN 156, at PageID # 3092.) With respect to such documents, there is no discovery dispute. While "Volvo does not wish to receive redacted information," (DN 153, at PageID # 3083–84), the redacted documents provide substantial responsive information that that can be used to move this case forward. Therefore, the Court will grant in part and deny in part Volvo's motion to compel and order Rudd to produce redacted versions of all withheld documents responsive to Part III(a) of the May 19, 2021 order.

### c. Motion for Sanctions (DN 152)

Volvo "requests the Court impose sanctions on Rudd to compensate Volvo for work relating to compelling Rudd's compliance with the Court's May 19th Order." (DN 152, at PageID # 3086.) In support of its request, Volvo states that "Rudd's outright refusal to comply with the Court's May 19th Order has necessitated the present motion and response, as well counsel's presence at the July 20, 2021 teleconference." (DN 152, at PageID # 3068.) In response, Rudd argues that "no sanctions are justified, because Rudd has complied with the May 19 order, has acted in good faith, and Volvo has not been prejudiced by Rudd's appeal from a portion of the May 19 order." (DN 156, at PageID # 3098.)

Under Rule 37(a)(5)(C), if a motion to compel "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The Court finds that the circumstances do not warrant a discretionary award of costs. Both Parties have incurred costs litigating the various discovery disputes in this case, some of which were caused solely by Volvo's transgressions. For example, Volvo's motion to compel addressed by the May 19, 2021 order stated that at the time of filing, the Parties were continuing to meet and confer concerning some of the documents at issue. (DN 92, at PageID # 2029–30.) This violated the requirement that in filing discovery motions, the movant must certify "that counsel have conferred and are unable to resolve their differences." L.R. 37.1. Although the parties were able to resolve a substantial number of issues raised in the motion to compel, Volvo did not notify the Court until the Court requested an update *sua sponte*. (DN 134; DN 141.) Thus, Volvo not only unnecessarily caused Rudd to respond to those issues, but also wasted judicial resources used to inquire about the issues which would have been far more substantial had the Court not inquired and instead issued a ruling on all issues presented in the motion. Additionally, the July 20, 2021 status conference for which Volvo now seeks compensation included a conversation about Volvo's failure to timely comply with the Court's April 26, 2021 discovery order. (DN 151, at PageID # 3061.) Clearly, it would be improper to require Rudd to pay the cost of that discussion. While it would have been preferable for Rudd to have filed its motion to stay prior to the deadline to comply with the May 19, 2021 order, even if it had, it is unlikely that Volvo's position would be different or that responding to the motion would be any less costly. Therefore, Volvo's motion for sanctions will be denied.

## IV.  ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED as follows:

1. DN 149 is **GRANTED in part and DENIED in part**.

2. Consistent with this order, Part III(a) of the Court's May 19, 2021 (DN 143) order is **STAYED** pending a ruling on Rudd's objection (DN 146).

3. DN 152 is **GRANTED in part and DENIED in part**.

4. On or before **December 3, 2021**, Rudd shall produce redacted versions of all withheld documents responsive to Part III(a) of the Court's May 19, 2021 (DN 143) order.

Colin H Lindsay, Magistrate Judge
United States District Court

November 8, 2021

cc:  Counsel of record